UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA M JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> ELECTRONIC TRANSACTION CONSULTANTS LLC, <br><br> Defendant. | CASE NO. C20-5857 MJP <br><br> ORDER TO SHOW CAUSE AND DENYING MOTION FOR DEFAULT |

THIS MATTER comes before the Court on Plaintiff Brenda M. Johnson's Amended Motion for Default. (Dkt. No. 8.) Having reviewed the Motion and the related record, the Court DENIES the Motion and ORDERS Plaintiff to show cause why this matter should not be dismissed by **November 30, 2020**.

Plaintiff alleges that Defendant Electronic Transaction Consultants LLC violated her Fourteenth Amendment rights by failing to pay $14,906,558,865.61 owed for $400 in lost wages after Plaintiff "filed a default judgment September 24, 2014 at Pierce County Superior Court."

(Dkt. No. 1, Ex. 1 at 2.)  She now moves for default but fails to provide proof of service in accordance with Federal Rule of Civil Procedure 4(l).  Plaintiff was previously instructed to follow the Rule 4 requirements for serving a corporation in another case against Defendant in this district.  See Johnson v. Electronic Transaction Consultants Corporation et al, Case No. 2:19-cv-00337-RAJ.  In that case, Plaintiff's claims were dismissed after she failed to effectuate proper service four months after filing the Complaint, despite several warnings.  See id., Dkt. No. 25.  Plaintiff's Motion for Default is therefore DENIED as she has not filed proof of service.  Plaintiff is ORDERED to show cause by **November 30, 2020** why Defendant should not be dismissed without prejudice for failure to prosecute.

Additionally, Plaintiff is ORDERED to show cause that there was a default judgment issued by the Pierce County Superior Court. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court is required to dismiss a case "at any time" if it determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.  Here, the Court finds that Plaintiff's Complaint fails to state a claim for relief that is plausible on its face.

Fed. R. Civ. P. 8(a) provides that in order to state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the claimant is entitled to relief, and a demand for the relief sought. The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the factual allegations of a complaint must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1     Because default judgment in excess of the allegations in the complaint is void, <u>Columbia Val. Credit Exch., Inc. v. Lampson</u>, 12 Wash. App. 952, 955 (1975), and because the plaintiff is required to set forth facts supporting each element of the claim before obtaining default judgment, <u>Friebe v. Supancheck</u>, 98 Wash. App. 260, 992 P.2d 1014 (Div. 1 1999), <u>as amended</u>, (Sept. 27, 1999), the Court finds it implausible that Plaintiff was awarded default judgment of $14,906,558,865.61 for $400 in lost wages. Further, Plaintiff only alleges that she "filed a default judgment," not that the court granted her motion. The Court therefore ORDERS Plaintiff to show cause why this matter should not be dismissed for failure to state a claim that is plausible on its face by either presenting the order for default judgment from the Pierce County Superior Court or providing the Court with the case number by **November 30, 2020**.

## Conclusion

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's Amended Motion for Default (Dkt. No. 8) is DENIED;

(2) Plaintiff is ORDERED to show cause by **November 30, 2020**:

    a. Why this matter should not be dismissed for failure to prosecute where Plaintiff has not filed proof of service; **and**

    b. Why this matter should not be dismissed for failure to state a claim that is plausible on its face.

Absent a timely response to this order, Plaintiff's claims will be dismissed without prejudice.

//

//

//

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated November 18, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge